## THEODORE CASTOR v. ALLEGAN CIRCUIT JUDGE.

*Appeal—Issue of execution—Mandamus*

1. Mere intention to take an appeal does not preclude the prevailing party from taking out an execution.

2. Mandamus does not lie to vacate an order that was not erroneous when made, whatever has taken place since.

Mandamus.   Submitted June 17.   Denied June 25.

*Padgham & Padgham* for relator.

COOLEY, C. J.   The application in this case is for a mandamus to require the judge of the Allegan circuit court to recall an execution issued on a decree in chancery.

It appears by the petition and the judge's return that on June 16, 1879, Columbia H. Long filed in the circuit court for the county of Allegan, in chancery, her bill for an accounting of the partnership affairs between herself and Theodore Castor and Spencer Strong. Answer was filed to the bill and issue taken upon it, and such proceedings were afterwards had that the case was referred to a circuit court commissioner to take and state an account. The commis-

sioner made his report, finding $520.75 due the complainant, and the defendant Castor filed exceptions. A hearing was had upon the exceptions, and on December 27, 1883, the circuit judge announced in open court his conclusion that the exceptions should be overruled, and decree entered for the amount reported due by the commissioner. The decree was drawn up by complainant's solicitor, and presented to the judge for his signature, February 16, 1884, when he signed it, but directed that it be shown to the defendant's solicitor for his examination. It was immediately shown to Mr. Padgham, who was counsel for defendants in the case, and after examining it he stated that it was in accordance with the oral announcement the judge had made of his conclusion, and the decree was then, and on the same day of the signing, placed upon record. The court was not in session at that time. Defendant's solicitor saw and examined the decree about ten days thereafter. These are the facts as found by the circuit judge.

March 14, 1884, while the testimony in the case, together with the ledger, journals, and day-books of the partnership, containing the original entries of purchases and sales, the original inventory of the stock of goods and of the stock remaining after eighteen months' business, were all in the office of the commissioner, the building in which the office was situate took fire and they were all destroyed.

March 28, 1884, complainant had his costs duly taxed. He then had the decree enrolled and took out execution, which was levied upon property of the defendant, April 17. The defendant Castor then made affidavit and moved to set aside the execution. His affidavit states that the decree in the case was rendered in vacation, " and filed with the register of this court on, to wit, the 16th day of February, 1884, which fact deponent has learned since the levy aforesaid ;" that no written notice of the decree has been served by the register or by complainant's solicitor ; that he is advised he has forty days from the time of notice of such decree in which to appeal from the decree ; and that he is desirous of taking an appeal, and intends so to do if not prevented by the acts of com-

plainant and his solicitors or of the sheriff. The motion was made April 24 and denied May 1, and defendant Castor then presented his petition to this Court. The prayer of the petition is that the circuit judge be required to set aside the order made by him May 1, and recall the execution. It is stated in the petition that on May 14, 1884, the petitioner filed a bond on appeal, which was duly approved.

The circuit judge could not be required to vacate the order made by him on May 1, unless it was erroneous when made; and it was not erroneous when made unless the defendant had at that time taken an appeal. The mere fact that defendant Castor intended to take an appeal did not preclude the complainant from taking an execution. The motion must therefore be denied. Whether the filing of an appeal bond May 14 was in time is a question which does not arise now, as the action of the circuit judge which was complained of was prior to that date.

The other Justices concurred.